UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOWARD ELLIS, | ) | |
| Petitioner, | ) | 3:12-cv-00099-ECR-VPC |
| vs. | ) | **ORDER** |
| JACK PALMER, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1). Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted.

The petition shall now be filed and served on respondents. A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions).

1    Petitioner has filed a motion to file "additional grounds 8E-8J." (ECF No. 1-1). This Court
2 will allow petitioner to file and serve on respondents a statement of additional grounds within thirty
3 (30) days from the date of this order. Petitioner's failure to file and serve a statement of additional
4 grounds within thirty days will result in this action proceeding on the original petition only.

5    Petitioner has filed a motion for the appointment of counsel. (ECF No. 1-3). There is no
6 constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v.*
7 *Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The
8 decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th
9 Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.),
10 *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the
11 case are such that denial of counsel would amount to a denial of due process, and where the
12 petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See*
13 *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition
14 on file in this action is well-written and sufficiently clear in presenting the issues that petitioner
15 wishes to bring. The issues in this case are not complex. It does not appear that counsel is not
16 justified in this instance. The motion is denied.

17    Petitioner has filed a "motion to extend prison copywork limit." (ECF No. 1-4). The motion
18 is denied, as petitioner has not demonstrated that he has been unable to bring his claims in this action
19 without an additional allowance of copywork. Petitioner has submitted his *in forma pauperis*
20 application, a petition, and three motions. Because petitioner has not demonstrated that the prison
21 copywork limit is insufficient for him to bring his claims in this action, the motion to extend the
22 prison copywork limit is denied.

23    **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF
24 No. 1) is **GRANTED**.

25
26

2

1    **IT IS FURTHER ORDERED** that the Clerk shall **FILE and ELECTRONICALLY**
2  **SERVE** the petition (ECF No. 1-2) upon the respondents.
3    **IT IS FURTHER ORDERED** that petitioner's motion to file additional grounds (ECF No.
4  1-1) is **GRANTED.**  Petitioner **SHALL FILE AND SERVE** on respondents a statement of
5  additional grounds within **thirty (30) days** from the date of this order.  Petitioner's failure to file and
6  serve a statement of additional grounds within **thirty (30) days** will result in this action proceeding
7  on the original petition only.
8    **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from the date
9  they are served with petitioner's statement of additional grounds within which to answer, or
10 otherwise respond to, the petition and statement of additional grounds.  If petitioner does not file an
11 additional statement of claims, then respondents shall have **sixty (60) days** from the date they are
12 served with this order within which to answer, or otherwise respond to the petition.  In their answer
13 or other response, respondents shall address all claims presented in the petition and statement of
14 additional grounds.  Respondents shall raise all potential affirmative defenses in the initial
15 responsive pleading, including lack of exhaustion and procedural default.  **Successive motions to**
16 **dismiss will not be entertained**.  If an answer is filed, respondents shall comply with the
17 requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts
18 under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have **forty-five (45) days** from the date
19 of service of the answer to file a reply.
20   **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney
21 General of the State of Nevada a copy of every pleading, motion, or other document he submits for
22 consideration by the Court.  Petitioner shall include with the original paper submitted for filing a
23 certificate stating the date that a true and correct copy of the document was mailed to the Attorney
24 General.  The Court may disregard any paper that does not include a certificate of service.  After
25
26

respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 1-3) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to extend the prison copywork limit (ECF No. 1-4) is **DENIED.**

Dated this 7th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE