# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HOWARD ELLIS,                       )
                                    )
        Petitioner,              )          3:12-cv-00099-RCJ-VPC
                                    )
vs.                                 )          **ORDER**
                                    )
JACK PALMER, *et al.*,              )
                                    )
        Respondents.             )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss (ECF No. 12) and several other motions.

**I. Procedural History**

On June 12, 2006, a criminal complaint was filed in the Las Vegas Justice Court, charging petitioner with one count of burglary and one count of attempted burglary. (Exhibit 2).[1] At the preliminary hearing, the State sought to add an additional charge of grand larceny. (Exhibit 3). After presentation of the evidence at the preliminary hearing, the justice court found the State presented sufficient evidence to bind petitioner over to the district court on all three counts. (Exhibit 3, at p. 84). On June 30, 2006, the State filed an information in Nevada's Eighth Judicial District Court,

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 13-16.

charging petitioner with one count of burglary, one count of attempted burglary, and one count of grand larceny. (Exhibit 6). The information listed ten prior felony convictions and notified petitioner that the State intended to seek a sentence under Nevada's habitual offender statute, NRS 207.010. (Exhibit 6).

Pursuant to negotiations with the State, petitioner agreed to plead guilty to one count of burglary in exchange for the State's agreement to dismiss the attempted burglary charge and grand larceny charge, and to recommend a sentence of six to fifteen years under Nevada's small habitual offender statute. (Exhibits 16 & 17). Petitioner entered his plea on November 2, 2006. (Exhibits 16 & 17). On December 11, 2006, through counsel, petitioner filed a motion to withdraw his guilty plea, and on January 17, 2007, petitioner filed a pro per motion seeking the appointment of new counsel. (Exhibits 19 & 22).

The basis for petitioner's desire to withdraw his plea was that the district court failed to advise him that it retained discretion to sentence him under the large habitual offender statute and that petitioner had been on heart medication at the time he entered his guilty plea. (Exhibits 19 & 22). The state district court informed petitioner that the court intended to follow the negotiated plea and made a finding that the medication petitioner was taking did not interfere with his ability to enter the guilty plea. (Exhibit 20, at p. 3; Exhibit 23, at p. 6). The state district court sentenced petitioner to the agreed upon sentence of fifteen years with a minimum parole eligibility after six years. (Exhibit 23, at p. 14). The judgment of conviction, reflecting petitioner's sentence, was entered on January 26, 2007. (Exhibit 24).

Petitioner filed a timely notice of appeal on February 12, 2007. (Exhibit 26). The Nevada Supreme Court issued an order affirming the conviction on August 31, 2007. (Exhibit 35).

On July 7, 2008, petitioner filed both a state post-conviction habeas petition and a motion to withdraw guilty plea. (Exhibits 38 & 41). The state district court issued an order denying the motion to withdraw guilty plea on August 5, 2008. (Exhibit 46). The state district court issued two orders

denying the state habeas petition: (1) an order denying grounds ten and eleven of the petition on October 2, 2008; and (2) an order denying the remainder of the grounds in the petition on October 13, 2008.  (Exhibits 51 & 53).  Both orders denying the petition were followed by notice of entry of order, showing that the state district court served petitioner with the orders, as required by NRS 34.830, on October 2, 2008, and October 13, 2008, respectively.  (Exhibits 52 & 54).

      Petitioner filed a notice of appeal on October 20, 2008.  (Exhibit 55).  Petitioner proceeded in pro per and submitted an opening brief, which was received by the Nevada Supreme Court on December 9, 2008.  (Exhibit 63).  On August 18, 2009, the Nevada Supreme Court entered an order affirming in part and dismissing the appeal in part.  (Exhibit 71).  In denying relief on the state habeas petition, the Nevada Supreme Court found various claims procedurally defaulted under NRS 34.810(1)(a).  (Exhibit 71, at pp. 2-3).  The Nevada Supreme Court went on to analyze and deny each of petitioner's ineffective assistance of counsel claims.  (Exhibit 71, at pp. 5-14).  Remittitur issued on September 15, 2009.  (Exhibit 74).

      In the interim, petitioner filed a petition for a writ of mandamus with the Nevada Supreme Court on December 11, 2008, addressing grievances filed with the Nevada Department of Corrections.  (Exhibit 65).  The Nevada Supreme Court issued an order denying the petition for writ of mandamus on January 8, 2009.  (Exhibit 66).  A notice in lieu of remittitur was issued on February 3, 2009.  (Exhibit 67).

      On May 21, 2010, petitioner filed in the state district court a motion to modify sentence, asserting that there was an error in the State's opposition to his motion to withdraw guilty plea that made his sentence illegal.  (Exhibit 78).  The State opposed the motion to modify sentence.  (Exhibit 79).  The state district court issued an order denying petitioner's motion on July 9, 2010.  (Exhibit 81).

      On June 10, 2010, petitioner filed in the state district court a petition for a writ of mandamus, or in the alternative show cause.  (Exhibit 80).  In the petition, petitioner appears to complain that he

did not receive a copy of the state district court's August 5, 2008 order denying the post-conviction motion to withdraw guilty plea and the state district court's October 13, 2008 order denying the post-conviction habeas petition. (Exhibit 80). The state district court denied the petition without prejudice by order filed July 29, 2010. (Exhibit 83). Petitioner filed a notice of appeal on August 16, 2010, and the Nevada Supreme Court received petitioner's "informal opening brief" on December 15, 2010. (Exhibits 85 & 106). The Nevada Supreme Court issued an order of affirmance on January 13, 2011. (Exhibit 108). Remittitur issued on February 7, 2011. (Exhibit 110).

On October 7, 2010, the Nevada Supreme Court received a petition for a writ of mandamus. (Exhibit 96A). The Nevada Supreme Court issued an order denying the petition on October 22, 2010. (Exhibit 99). Petitioner filed a petition for a writ of certiorari, which the United States Supreme Court denied. (Exhibit 111). Petitioner sought rehearing of that decision, which the United States Supreme Court denied. (Exhibit 112).

On October 16, 2010, petitioner filed another petition for a writ of mandamus with the state district court. The State filed a response on October 27, 2010. (Exhibit 100). According to the court minutes from the docket of the state district court, a hearing was held at which time the state district court granted petitioner's request to obtain copies of documents. (Exhibit 5, at p. 28).

Petitioner dispatched his federal habeas petition to this Court on February 15, 2012. (ECF No. 1-2, at p.1; ECF No. 4, at p. 1). On April 5, 2012, petitioner filed a statement of additional claims, as permitted pursuant to this Court's order of March 7, 2012. (ECF No. 8). On May 31, 2012, respondents filed a motion to dismiss the petition. (ECF No. 12). On June 13, 2012, petitioner filed an opposition to the motion to dismiss. (ECF No. 18). Respondents filed a reply and supplemental exhibits on July 2, 2012. (ECF Nos. 21 & 22). Thereafter, several motions were filed by petitioner and respondents. The Court now addresses the motion to dismiss and other pending motions in this action.

**II. Discussion**

4

### A. Motion for Recusal of District Judge

On November 28, 2012, petitioner filed a motion to recuse the undersigned from this case. (ECF No. 45). Petitioner states that "Judge Jones was self-appointed in [this] federal habeas proceeding [on] 10/1/12." (ECF No. 45, at p. 2). This action was previously assigned to Senior District Judge Edward C. Reed, who retired effective October 1, 2012. The undersigned, being the Chief Judge of the District of Nevada, was charged with the duty of reassigning retired Senior Judge Reed's cases to the remaining judges of this District. As such, on October 1, 2012, a minute order was properly issued, assigning the instant action to the undersigned judge. *See* 28 U.S.C. § 132; 28 U.S.C. § 136; 28 U.S.C. § 137. The reassignment of the instant action was occasioned by the retirement of a judge, and was not the product of bias, as petitioner baldly asserts in his motion.

Petitioner further claims that the undersigned has "personal knowledge of disputed evidentiary facts" at issue in one the grounds contained in petitioner's Statement of Additional Grounds. (ECF No. 45, at p. 3). Petitioner alleges that the undersigned has knowledge of the facts in another action filed in this Court, at case number 3:10-cv-00516-RCJ-RAM, Ellis v. Medtronic Corp. Petitioner asserts that the facts in case number 3:10-cv-00516-RCJ-RAM, concerning his security threat group, overlap with Ground 10 in the Statement of Additional Grounds in the instant case.

"In determining whether recusal is appropriate, the Court should look toward whether a reasonable person with the knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Moreover, any alleged bias or prejudice must have arisen from an extrajudicial source. *Id.* A party seeking to recuse a judge under 28 U.S.C. § 144 must submit a legally sufficient affidavit detailing the circumstances warranting recusal. "An affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or

prejudice directed toward a party that stems from an extrajudicial source." *U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

Petitioner has not presented a sufficient affidavit to meet the standard for recusal. Petitioner merely makes a conclusory assertion that the undersigned's "involvement create[s] [a] reasonable appearance of bias." (ECF No. 45, at p. 3). Petitioner's assertion that the undersigned has knowledge of information concerning his security threat group in another action filed in this Court does not demonstrate a bias warranting recusal. As explained above, the reassignment of this action was occasioned by the retirement of the judge who was formerly assigned to the instant action. Petitioner's motion for recusal of the undersigned is denied.

**B. AEDPA Statute of Limitations**

In the motion to dismiss, respondents assert that the federal habeas petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). United States Supreme Court Rule 13.1 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup. Ct. R. 13.1. Rule 36(a) of the Nevada Rules of Appellate Procedure states that "[t]he filing of the court's decision or order constitutes entry of judgment." Where a petitioner pursues a direct appeal to the state's highest court but declines to pursue a petition for writ of certiorari with the United States Supreme Court, the petitioner's conviction becomes final upon the expiration of the time to file a petition for writ of certiorari. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for relief under 28 U.S.C. § 2254, with tolling of the time for filing during the pendency of a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2254(d).

In the instant case, the judgment of conviction was entered on January 26, 2007. (Exhibit 24). Petitioner filed a notice of appeal on February 12, 2007. (Exhibit 26). The Nevada Supreme Court's order of affirmance on direct review was filed August 31, 2007. (Exhibit 35). Because

petitioner did not file a petition for writ of certiorari, his conviction became final on November 29, 2007, which is ninety days after the Nevada Supreme Court filed its order of affirmance. Petitioner had one year, until November 29, 2008, to file a timely federal habeas petition, unless time was otherwise tolled.

On July 7, 2008, when petitioner filed his state habeas petition and his motion to withdraw guilty plea, 221 days of untolled time for filing a federal petition had elapsed. (Exhibits 38 & 41). The AEDPA limitations period was tolled until petitioner's state habeas petition and appeal from the denial of his motion to withdraw guilty plea was resolved by the Nevada Supreme Court. *See* 28 U.S.C. § 2244(d)(2). On August 18, 2009, the Nevada Supreme Court entered an order dismissing the appeal from the denial of petitioner's motion to withdraw guilty plea and affirming the denial of petitioner's post-conviction state habeas petition. (Exhibit 71). Remittitur was issued on September 15, 2009. (Exhibit 74). Because petitioner did not file a petition for writ of certiorari after the Nevada Supreme Court affirmed the denial of his state habeas petition, the period of tolling under 28 U.S.C. § 2244(d)(2) ended with the Nevada Supreme Court's issuance of remittitur on September 15, 2009. The AEDPA statute of limitations began to run again on September 15, 2009, and expired 144 days later, on February 8, 2010. The first page of the federal habeas petition indicates that the petition was dispatched to this Court on February 15, 2012. (ECF No. 4, at p. 1). This Court deems the petitioner's federal petition to be filed on February 15, 2012. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). The federal petition was filed untimely by more than two years.

In his opposition to the motion to dismiss, petitioner argues that "the record in this case reflects that the petitioner on September 9, 2009, handed the law supervisor of Northern Nevada C.C. a Federal petition for writ of habeas corpus and supporting record." (ECF No. 18, at p. 8). Petitioner's contention is belied by the federal petition itself. At numbered item 5, on page 1 of the

1  federal petition, after the words "date you are mailing (or handing to correctional officer) this
2  petition to this court," petitioner wrote "2/15/12." (ECF No. 4). Petitioner does not dispute that the
3  date of dispatch written on page 1 of the petition is incorrect. Moreover, petitioner signed and dated
4  the petition on 1/11/12, as indicated on page 19 of the petition. (ECF No. 4). As such, petitioner
5  could not have handed the petition to prison officials on the earlier date of September 9, 2009, as he
6  asserts in his opposition.

7  Next, in his opposition, petitioner argues that he is entitled to equitable tolling. (ECF No. 18,
8  at p. 9). The United States Supreme Court has held that the AEDPA's statute of limitations "is
9  subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).
10 The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1)
11 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in
12 his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*,
13 544 U.S. 408, 418 (2005)). In making a determination on equitable tolling, courts must "exercise
14 judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often
15 hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130
16 S.Ct. at 2563.

17 In the instant case, petitioner argues that he was diligently pursuing his rights by filing a
18 federal writ of mandamus mailed January 12, 2010, in case number 3:10-cv-00023-LRH-VPC. (ECF
19 No. 18, at p. 9). On January 25, 2010, this Court summarily dismissed the action as follows:

20 > The proper procedure for petitioner to file a federal habeas petition is
> for petitioner to have the petition mailed directly to the Clerk of this
21 > Court. If petitioner instead has mailed a petition to the Department of
> Justice in order for the Department to file the petition, he has done so
22 > in error, and his error gives rise to no duty on the part of the
> Department of Justice. Petitioner has demonstrated his ability to
23 > properly file actions in this Court in the multiple civil rights actions
> that he has previously filed in this Court. Again, any error in his
24 > instead sending a federal habeas petition to the Department of Justice
> for filing does not give rise to any duty on the part of either the
25 > Department or any other respondent or potential respondent in this
> action.
26

9

(ECF No. 4, at pp. 3-4, in 3:10-cv-00023-LRH-VPC; Exhibit 116).  Petitioner's error in sending a mandamus petition somewhere other than this Court does not constitute extraordinary circumstances that would entitled petitioner to equitable tolling in the instant action.  A petitioner is not entitled to equitable tolling when his untimeliness is attributable to his own "oversight, miscalculation or negligence."  *Waldron-Ramsey v. Packolke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Moreover, petitioner's mailing of the petition for a writ of mandamus to this Court on January 12, 2010, does not establish that petitioner pursued his rights diligently.  This Court summarily dismissed the mandamus petition on January 25, 2010, less than two weeks after petitioner mailed the mandamus petition and prior to the expiration of the AEDPA statute of limitations on February 8, 2010.  As directed by the order of July 25, 2010, in 3:10-cv-00023-LRH-VPC, the Clerk of this Court sent petitioner an *in forma pauperis* application, forms for submitting a § 1983 civil rights complaint, forms for submitting a federal habeas petition pursuant to 28 U.S.C. § 2254, and instructions for each kind of action.  (ECF No. 4, at p. 4, in 3:10-cv-00023-LRH-VPC; Exhibit 116).  Instead of promptly preparing a federal habeas petition and filing it with this Court, petitioner chose to appeal this Court's dismissal of his mandamus petition.  (Notice of Appeal, ECF No. 6, in 3:10-cv-00023-LRH-VPC).  The Ninth Circuit Court of Appeals found the appeal to be frivolous and dismissed the appeal.  (ECF Nos. 15 & 16, in 3:10-cv-00023-LRH-VPC; Exhibits 117 & 118).  Despite this Court's statement that "[t]he proper procedure for petitioner to file a federal habeas petition is for petitioner to have the petition mailed directly to the Clerk of this Court," petitioner did not mail the instant federal habeas petition until February 15, 2012.  (ECF No. 4, at p. 3, in 3:10-cv-00023-LRH-VPC; ECF No. 4, at p. 1).  Petitioner has not established that he is entitled to equitable tolling because he has failed to show that his untimely filing in the instant action was caused by some extraordinary circumstance that made it impossible for him to file a timely petition, and that he acted diligently in pursuing his rights.  Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

**C. Petitioner's Motion to Supplement and other Motions**

On September 6, 2012, after the motion to dismiss was fully briefed, petitioner filed a motion for supplemental pleading. (ECF No. 24). Petitioner's motion for supplemental pleading is ostensibly an improper sur-reply. Local Rule 7-2 governs the procedure for filing and briefing motions before this Court. That rule permits the filing of a motion, a response from the non-moving party, and a reply in support of the motion from the moving party. LR 7-2. The rule does not provide for the filing of a sur-reply by the non-moving party without permission from the Court. *See* LR 3-1 ("The Court may sua sponte or on motion change, dispense with, or waive any of these Rules if the interests of justice so require."). Petitioner's motion for supplemental pleading is denied. Moreover, petitioner has filed several other motions that are meritless and moot in light of this Court's determination that the federal habeas petition in the instant action is untimely and must be dismissed. All such motions are denied.

**III. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a

certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition as untimely (ECF No. 12) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner's motion for recusal (ECF No. 45) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for supplemental pleading (ECF No. 24) is **DENIED.**

**IT IS FURTHER ORDERED** that all other pending motions in the instant action are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 7th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE